SYLLABUS

*This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.*

**State v. Michael Owens (A-54/55-24) (089721)**

**Argued November 5, 2025 -- Decided January 6, 2026**

**PER CURIAM**

In this appeal, the Court considers the Appellate Division's determination that the judge who presided over defendant Michael Owens's trial (1) was required to instruct the jury on passion/provocation manslaughter as a lesser-included offense of murder even though defense counsel did not request such an instruction, and (2) should have sanitized evidence relating to the aggravated assault of defendant's girlfriend from the charges arising from the murder of Luis Gonzalez.

As relevant to this appeal, defendant was convicted by a jury of murder, possession of a firearm for an unlawful purpose, and aggravated assault. Upon learning that another man had telephoned his girlfriend, defendant choked her, seized her cell phone, and departed. About 45 minutes later, defendant shot and killed Gonzalez, from whom defendant's girlfriend regularly bought heroin, after finding his contact information in the cell phone.

Defendant appealed, arguing, as relevant here, that the trial court erred in failing to instruct the jury on passion/provocation manslaughter as a lesser-included offense of murder and in failing to sever the aggravated assault charge from the offenses related to the homicide. Defendant also challenged his sentence.

The majority of the Appellate Division panel agreed that "the trial court was obligated to sua sponte instruct the jury on [the] lesser-included offense" of passion/provocation manslaughter. ___ N.J. Super. ___, ___ (App. Div. 2024) (slip op. at 6). The majority explained that "an unrequested charge on a lesser-included offense must be given only where the facts in evidence clearly indicate the appropriateness of that charge," and that "the need for the charge must jump off the proverbial page." Id. at ___ (quotations omitted) (slip op. at 8-9). The majority also stated that "[i]n determining whether to instruct a jury on passion/provocation manslaughter, the trial judge must view the evidence in the light most favorable to defendant." Id. at ___ (slip op. at 10). As to severance, the majority concluded that "it was a clear error in judgment for the trial court not to sanitize the State's proofs regarding the aggravated assault charge." Id. at ___ (slip op. at 19). The majority

1

vacated defendant's convictions of murder and possession of a handgun for an unlawful purpose. Id. at ___ (slip op. at 2). The majority therefore did not reach defendant's sentencing challenge. Id. at ___ (slip op. at 20).

Judge Gilson dissented, expressing the view that no passion/provocation manslaughter charge was required because "Gonzalez did not provoke defendant"; defendant "had ample time to cool off before he shot Gonzalez"; there was no plain error in the jury instruction; and there were no "clear grounds for vacating defendant's murder conviction" and overturning the jury's verdict. See id. at ___ (Gilson, P.J.A.D., dissenting) (slip op. at 1-8).

The dissent also disagreed with the majority's conclusion "that the trial court erred in not sanitizing the aggravated assault evidence and that the probative value of the evidence was outweighed by its apparent prejudice." Id. at ___ (dissent slip op. at 8-9). Judge Gilson did not "deem evidence that defendant choked his girlfriend to be unduly prejudicial given that defendant was charged with aggravated assault of his girlfriend"; he also "discern[ed] no abuse of discretion in admitting that evidence to be considered in relation to the separate, but related, murder charge." Id. at ___ (dissent slip op. at 10). Judge Gilson "would affirm defendant's convictions" on the offenses at issue here. Id. at ___ (dissent slip op. at 10).

The State appealed as of right on the basis of the dissent, R. 2:2-1(a)(2), and the Court granted defendant's petition for certification, 260 N.J. 443 (2025).

**HELD:** The Court reverses the judgment of the Appellate Division in part, substantially for the reasons stated in Judge Gilson's thoughtful dissent. The Court addresses the standard for whether to instruct on passion/provocation manslaughter.

1. If a defendant does not request that the jury be charged on a lesser-included offense at trial, or, as in this case, explicitly states that no lesser-included offenses should be charged, an appellate court reviews only whether the evidence in the record clearly indicates that the charge was nonetheless required, that is, if the evidence supporting the charge is jumping off the page. The most-favorable-to-the-defendant standard is reserved for cases where a defendant affirmatively requests a trial court to instruct on passion/provocation manslaughter. It does not apply when, as in this case, the issue is raised as plain error. (pp. 2-3)

**REVERSED IN PART**. Defendant's convictions for murder and possession of a weapon for an unlawful purpose are **REINSTATED**. **REMANDED** to the Appellate Division for consideration of defendant's sentencing challenge.

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.**

2

# SUPREME COURT OF NEW JERSEY
## A-54/55 September Term 2024
## 089721

State of New Jersey,

Plaintiff-Appellant/Cross-Respondent,

v.

Michael Owens, a/k/a
Michael Wens, and
Michael R. Owens,

Defendant-Respondent/Cross-Appellant.

On appeal from and certification to the
Superior Court, Appellate Division, whose opinion
is partially published at ___ N.J. Super. ___ (2024).

| Argued | Decided |
|--------|---------|
| November 5, 2025 | January 6, 2026 |

Matthew S. Samel, Assistant Prosecutor, argued the cause for appellant/cross-respondent (Janetta D. Marbrey, Mercer County Prosecutor, attorney; Matthew S. Samel, of counsel and on the briefs, and Laura Sunyak, Special Deputy Attorney General/Acting Assistant Prosecutor, on the briefs).

Kevin S. Finckenauer, Assistant Deputy Public Defender, argued the cause for respondent/cross-appellant (Jennifer N. Sellitti, Public Defender, attorney; Kevin S. Finckenauer, of counsel and on the briefs).

Leslie-Ann M. Justus, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New

Jersey (Matthew J. Platkin, Attorney General, attorney; Leslie-Ann M. Justus, of counsel and on the brief).

Raymond M. Brown argued the cause for amicus curiae Association of Criminal Defense Lawyers of New Jersey (Pashman Stein Walder Hayden, attorneys; CJ Griffin and Joshua P. Law, on the brief).

PER CURIAM

We reverse the judgment of the Superior Court, Appellate Division substantially for the reasons stated in Judge Gilson's thoughtful dissenting opinion. State v. Owens, ___ N.J. Super. ___ (2024) (Gilson, P.J.A.D., dissenting).

We write briefly to address the standard to determine whether to instruct a jury on passion/provocation manslaughter. If the defendant requests a lesser-included offense charge at trial, including passion/provocation manslaughter, "the trial court must include it if, viewing the evidence in the light most favorable to the defendant, there is a 'rational basis in the record for doing so.'" State v. Canfield, 252 N.J. 497, 501 (2023) (quoting State v. Denofa, 187 N.J. 24, 42 (2006)).

If, on the other hand, the defendant does not request that the jury be charged on the lesser-included offense at trial, or, as in this case, explicitly states that no lesser-included offenses should be charged, an appellate court

reviews only whether the evidence in the record "clearly indicates" that the charge was nonetheless required, "that is, if the evidence" supporting the charge "is jumping off the page." Denofa, 187 N.J. at 42.

This "jump-off-the-page review . . . is at odds with the notion that the trial evidence should be viewed in the light most favorable to the defendant." State v. Canfield, 470 N.J. Super. 234, 291-92 (App. Div. 2022). Therefore, "the most-favorable-to-the-defendant standard is reserved for cases where a defendant affirmatively requests a trial court to instruct on passion/provocation manslaughter, and does not apply when, as in this case, the issue is raised as plain error." Id. at 292.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, FASCIALE, NORIEGA, and HOFFMAN join in the Court's opinion.

3